B. L. PERRY *et al. v.* MERCHANTS' BANK OF NEWBERN *et al.*

Where a suit is pending against A, and he, in consideration that the suit be dismissed, &c., agrees to pay one-half of the claims in cash, and to pay 50 per cent. of his assets, or so much as may be necessary, as they may be reasonably collected to discharge the balance of the claim, this is as between the parties, a valid equitable assignment, and makes A trustee for his creditor to the extent of the agreement; and where a second creditor of A afterwards brings suit and obtains a judgment, and upon the return of an execution *nulla bona,* procures supplemental proceedings to subject enough of the debt of a debtor of A to satisfy his judgment, such second creditor only acquires a lien on the debt owing to A, subject to the first creditor, and an account ought to be taken. Questions which may arise after an account reserved.

PROCEEDINGS SUPPLEMENTAL TO EXECUTION, begun before the clerk of the Superior Court of EDGECOMBE county, and by him transmitted to his Honor, W. A. MOORE, Judge of the Second Judicial District, for decision. His Honor gave judgment against the debtors of the defendant in favor of the plaintiffs.

Defendants appealed.

The facts are sufficiently stated in the opinion of the Court.

*A. S. Merrimon,* for appellants.
*J. L. Bridges, Jr.,* and *Perry,* contra.

RODMAN, J.  On 3d December, 1869, the defendant being indebted to the Carolina National Bank of Columbia, in over $19,000, agreed with it to pay immediately one-half of the debt, viz : $10,306.63, and to pay the remainder of the debt by paying over to the Carolina Bank fifty per cent. of the assets of the defendant as the same shall be reasonably collected, or so much as may be sufficient therefor.  In consideration of this agreement the Carolina Bank released the stockholders of the Merchants' Bank from personal liability, and agreed to dismiss a suit then pending.  The cash payment was made, but in order to make it the Merchants' Bank borrowed of certain of its stockholders about $2,000 which it agreed to repay out of the remainder of the assets. Afterwards, to wit :  On 29th April, 1872, the plaintiff recovered judgment against the defendant for $3,207.03 debt, besides costs, upon which an execution issued, which was returned "*nulla bona.*"  The plaintiff thereupon, upon affidavit that Gooding and Jerkins were indebted to the Merchants Bank procured process requiring them to appear and answer, &c.  The parties then agreed upon a statement of facts, in substance, that Gooding and Jerkins were indebted to the defendant bank, by note, before and at the date of the above mentioned agreement with the Carolina Bank, and were still indebted.  The above agreement was set up as a defense to the supplemental proceedings of the plaintiff. His Honor, the Judge of the Second District, gave judgment against Gooding and Jerkins in favor of the plaintiff, from which they appealed.

The agreement between the Merchants' Bank and the Carolina Bank of 3d December, 1869, although no assets were specifically described in it, and although the Merchants' Bank remained in possession of the assets, was, as between the parties to it, a valid equitable assignment according to its terms, and the Merchants' Bank became a trustee of the Carolina Bank to carry out the agreement.

What effect the agreement (not having been registered) would have as respects other creditors of the Merchant's Bank, upon such proceedings as have been had in the present case; whether the assignee, notwithstanding the non-registration, would have priority over the other creditors, we think it unnecessary to inquire at present, and we express no opinion on that point.

Conceding that the Merchants' Bank became a trustee for the Carolina Bank, and for those stockholders of the former, who, by the agreement with them, became substituted to the rights of the Carolina Bank to the amount of their advance, to the extent of one-half the assets as they should be collected, and conceding for the present purpose a priority to the Carolina Bank over the other creditors of the Merchants' Bank to the extent required by the agreement; yet it is clear that the assets not assigned, remained subject to the claims of the other creditors of the Merchants' Bank as fully as they would have been in the absence of the assignment.

No right to any specific or particular debt was created by the agreement. The trust was that the Merchants' Bank should pay over the one-half of each debt as it might be collected, and if it failed to do this, then after all the debts were collected, it should pay out of the one-half of the fund.

The plaintiff by this proceeding has acquired a lien on the debts owing by the present garnishees, subject to the claim of the Carolina Bank to one-half of the whole assets, including of course the debts of the present garnishees.

According to the principle that where one of two creditors has a lien upon several funds, and the other has a lien upon one of them only, the former shall exhaust the funds not liable to the latter creditor before resorting to the one liable to him; the Carolina Bank must in the first instance look for payment to such of the assets as the plaintiff has no claim to. The stockholders of the Merchants' Bank who

made the advance, as far as the plaintiffs are concerned, stand on the same footing with the Carolina Bank.

The assets upon which the plaintiff has no lien, may be sufficient to pay off the Carolina Bank. Whether they are, or not, can only be ascertained upon an account of :

1. What is now owing to the Carolina Bank ?

2. The assets of the Merchants' Bank at the date of the agreement, and of the amount which has been, or ought to have been, and may be collected.

For the purpose of taking the account the Carolina Bank should be made a party to this proceeding.

If it shall appear that the Merchants' Bank is not using due diligence to collect its assets, it will be competent for the plaintiff to move for the appointment of a receiver.

If, upon taking the account, it shall appear that one-half the assets of the Merchants' Bank at the date of the agreement are insufficient to pay the Carolina Bank, either party may apply for such relief as may be proper. The questions which may then arise are reserved in the mean while.

PER CURIAM. Judgment below reversed, and a judgment may be drawn remanding the case to be proceeded in conformably to this opinion. The plaintiff will recover costs in this Court.